UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| WILLIAM CARTER KING, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | NO. 2:19-cv-00080 |
| HILTON HALL, JR., | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION

### I. Introduction and Procedural History

William Carter King, an inmate of the Hardeman County Correctional Facility in Whiteville, Tennessee, has filed a pro se petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Respondent filed a Motion to Dismiss the Petition as untimely. (Doc. No. 22.) The relevant history is set out below.

On January 24, 2011, Petitioner pled guilty in Fentress County Criminal Court to possession of a controlled substance in a penal institution and received a five-year sentence, to be served consecutively to a previously imposed seven-year sentence of probation, for a total effective sentence of twelve years of probation supervised by Community Corrections. (Doc. No. 21-2 at 17–18); see King v. State, No. M2014-00512-CCA-R3-PC, 2014 WL 7180399, at *1 (Tenn. Crim. App. Dec. 17, 2014).

In May 2011, a petition for violation of Community Corrections was filed against Petitioner. (Doc. No. 21-2 at 19.) After a revocation hearing, on November 7, 2011, the state court revoked Petitioner's supervised probation and ordered that he spend the remainder of his sentence in prison. (Doc. No. 21-1 at 48, 52.) Petitioner appealed the revocation decision, and the Tennessee

Court of Criminal Appeals affirmed the trial court on March 20, 2013. State v. King, No. M2011-02561-CCA-R3-CD, 2013 WL 1143246 (Tenn. Crim. App. Mar. 20, 2013). Petitioner did not apply for permission to appeal to the Tennessee Supreme Court.

However, before the Court of Criminal Appeals affirmed the trial court's revocation decision—but within a year of the entry of his guilty plea to possession of a controlled substance in a penal institution—Petitioner filed a pro se petition for post-conviction relief on January 4, 2012, which he amended after appointment of counsel, arguing that his plea was unknowing and involuntary due to the ineffective assistance of trial counsel. (Doc. No. 21-9 at 3–22.) The trial court denied the petition, and the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on December 17, 2014. King, 2014 WL 7180399, at *1. On April 13, 2015, the Tennessee Supreme Court denied discretionary review. (Doc. No. 21-16.)

Two years later, on April 5, 2017, Petitioner filed a petition in state court to reopen his post-conviction proceedings, based on purported new evidence establishing his actual innocence of possessing a controlled substance in a penal institution. (Doc. No. 21-17.) There is no record of the disposition of this motion to reopen.

Petitioner filed his first habeas petition in this Court on November 2, 2018, under 28 U.S.C. § 2241, claiming that if unapplied pretrial jail credits were properly counted and applied, his sentence would have already expired. (Case No. 2:18-cv-00096, Doc. No. 1.) On June 18, 2019, Petitioner moved to amend his petition to reflect the claim that "[t]he record is 100[ ] percent void of any evidence to support the indightment (sic)." (Id., Doc. No. 22 at 1.) After granting leave to amend, the Court dismissed the petition without prejudice so that Petitioner could exhaust his state remedies related to challenging the calculation of his sentence. King v. Lindamood, No. 2:18-cv-00096, 2019 WL 3574252, at *1, 4 (M.D. Tenn. Aug. 6, 2019).

Petitioner filed the instant action under Section 2254 on September 9, 2019, in the Western District of Tennessee. His original petition challenged the evidence supporting his indictment for possession of a controlled substance in a penal facility, citing the lack of any lab report or other record identifying the controlled substance and his April 2017 conversation "with a man who had direct knowledge concerning the alledged (sic) pills and them being over the counter meds, prompting [him] to begin trying to re-open [his] post conviction." (Doc. Nos. 1, 1-1 at 2.) The Western District transferred the Petition here, and Petitioner filed an Amended Petition that essentially repeats the claim in his original petition. (Doc. No. 15 at 5.)

On June 25, 2020, Respondent filed a Motion to Dismiss (Doc. No. 22) and a supporting Memorandum of Law. (Doc. No. 23.) Respondent contends that the Petition is untimely under the applicable one-year statute of limitations. On September 14, 2020, Petitioner filed a "Notice of No Response" to Respondent's Motion, declining to respond because of the state's alleged unethical behavior and misconduct. (Doc. No. 26.)

Having considered the pleadings and record, the Court finds that an evidentiary hearing is not needed in this matter. See Stanford v. Parker, 266 F.3d 442, 459 (6th Cir. 2001) (stating that evidentiary hearing is not required "if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). Therefore, the Court shall dispose of the petition as the law requires. Rule 8, Rules Gov'g § 2254 Cases.

**II. Analysis**

Habeas corpus petitions under Section 2254 are subject to a one-year statute of limitations that "run[s] from the latest of":

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

3

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see Holland v. Florida, 560 U.S. 631, 635 (2010).

**A. Timeliness Based on Date When Judgment Became Final**

Respondent presumes that the statute began to run in this case, as it does in most, when Petitioner's judgment of conviction became final. Respondent argues that Petitioner's judgment of conviction became final on May 20, 2013—sixty days after entry of the March 20, 2013 decision of the Tennessee Court of Criminal Appeals affirming the revocation of his Community Corrections status, when the time for seeking permission to appeal to the Tennessee Supreme Court expired.[1]

Respondent's argument misses the mark. This action challenges Petitioner's January 24, 2011, conviction upon his guilty plea in Fentress County Criminal Court to possession of a controlled substance in a penal institution, on grounds that no evidence supported his indictment on that charge. (Doc. No. 15 at 1, 5–7.) Petitioner did not attempt to withdraw his plea or pursue a direct appeal of the conviction. Therefore, unless the judgment against him was subsequently amended, that judgment became final thirty days after its entry, on February 23, 2011. See State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003) (finding that, in Tennessee, "a judgment of conviction

---

[1] Tennessee Rule of Appellate Procedure 11 requires that "[t]he application for permission to appeal shall be filed with the clerk of the Supreme Court within 60 days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals if no timely petition for rehearing is filed . . . ." Tenn. R. App. P. 11(b).

4

upon a guilty plea becomes a final judgment thirty days after entry," allowing that time for a defendant who waives his right to appeal to file a motion to withdraw the previously entered plea).

The record does not reflect that any new judgment or order resentencing Petitioner was entered when his Community Corrections sentence was revoked (see Doc. No. 21-2 at 25), though state law would have allowed for resentencing. See Tenn. Code Ann. § 40-36-106(e)(4) (authorizing resentencing "for any period of time up to the maximum sentence provided for the offense committed" when sentence to community-based program is revoked). Tennessee distinguishes between a proceeding to revoke a Community Corrections sentence and a typical probation revocation proceeding—allowing a right to seek post-conviction relief with respect to the former but not the latter—because a Community Corrections revocation exposes the criminal defendant to the possibility of resentencing to a longer term of punishment than originally imposed, while a probation revocation simply reinstates the original sentence. See Grant v. State, No. M2007-00052-CCA-R3-PC, 2008 WL 4169985, at *3–4 (Tenn. Crim. App. Sept. 8, 2008) (applying, e.g., Carpenter v. State, 136 S.W.3d 608, 611 (Tenn. 2004)).

But while mere exposure to resentencing may trigger the running of the time for filing a state post-conviction petition, a new clock does not start under AEDPA unless the revocation of Community Corrections actually results in a new sentence. "[B]ecause the sentence is the judgment, a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment." Crangle v. Kelly, 838 F.3d 673, 678 (6th Cir. 2016) (internal citation and quotation marks omitted). Thus, if the trial court had resentenced Petitioner when it revoked his Community Corrections sentence, Respondent would be correct that the judgment would have become final for purposes of Section 2244(d)(1)(A) at the conclusion of appellate review of that decision. Because Petitioner

5

was not resentenced, but merely had his original sentence of five years in the custody of the Tennessee Department of Correction reinstated (see Doc. No. 21-2 at 17, 25), the revocation proceedings do not factor into the timeliness determination.

Petitioner's judgment of conviction became final on February 23, 2011. Thus, the limitations period ran from February 24, 2011[2] until January 24, 2012, when Petitioner filed a state post-conviction petition.[3] After post-conviction proceedings concluded on April 13, 2015, the statutory clock resumed running. Petitioner did not seek federal habeas relief within the remaining thirty days of the one-year limitations period, or for several years thereafter. His habeas petition therefore was not timely filed under 28 U.S.C. § 2244(d)(1)(A).

**B. Timeliness Based on Date Factual Predicate Could Have Been Discovered**

Petitioner may argue that timeliness should be judged from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). He asserts that the record is devoid of evidence to support the indicted drug offense. (Doc. No. 15 at 5.) And the Amended Petition, liberally construed, states that Petitioner did not discover the factual basis for this claim until April 2017, shortly before filing his motion to reopen in state court. (See id. (referencing motion to reopen as fact supporting habeas claim); Doc. Nos. 1, 1-1 at 2 (referencing Petitioner's April 2017 conversation with inmate who knew the drugs to be "over the counter meds")). Thus, in an abundance of caution, the Court will consider whether the Petition is timely if the limitations period started running from that later date.

---

[2] See Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); Bronaugh v. Ohio, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

[3] Under Section 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period.

6

For the purpose of this analysis, the Court gives Petitioner the benefit of the latest possible date—April 5, 2017, the date he filed the motion to reopen. Petitioner had 365 days from that date to file a timely habeas petition in federal court, unless the statute of limitations was tolled during the pendency in state court of his motion to reopen. See Patterson v. Brandon, No. 3:07-0029, 2008 WL 821986, at *6 (M.D. Tenn. Mar. 24, 2008) (finding that a properly filed motion to reopen a post-conviction petition is considered "part of the ordinary course of Tennessee's post-conviction review process" that "does implicate statutory tolling under Section 2244(d)(2)") (citing cases).

A motion to reopen post-conviction proceedings is only properly filed under Tennessee law if, as pertinent here, "[t]he claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted" and "[i]t appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." Tenn. Code Ann. § 40-30-117(a)(2), (4). In addition, the state post-conviction statute requires that the facts offered to support the reopening of post-conviction proceedings must be introduced in an affidavit presenting "information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the rules of evidence." Id. § 40-30-117(b). Contrary to these requirements, Petitioner's motion to reopen relied on his own, nonscientific affidavit testimony that an unidentified inmate told him—and would be willing to testify "if given the chance"—that the pills Petitioner was found to possess belonged to the unidentified inmate and were over-the-counter medications. (Doc. No. 21-17 at 2.)

Furthermore, while the motion to reopen was stamped as filed on April 5, 2017 by a state court clerk, there is no indication that it was accepted as properly filed by that court. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("An application is 'filed,' as that term is commonly understood,

7

when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (internal citations omitted). Because it does not appear that Petitioner's motion to reopen his state post-conviction proceedings complied with Tennessee's statutory requirements, and in the absence of any indication that the motion was accepted for filing and spent any time pending before the state court,[4] the Court finds that tolling under Section 2244(d)(2) is not implicated here, and Petitioner had until April 5, 2018 at the latest to file a timely federal habeas petition.

Petitioner's first federal habeas petition was filed in November 2018, later amended to include an insufficient-evidence claim, and dismissed without prejudice in August 2019. His second federal petition, currently pending before the Court, was filed in September 2019. There is no indication that Petitioner successfully reopened state post-conviction proceedings or gained any further state-court review of his conviction.[5] Accordingly, even giving Petitioner every benefit of the doubt under 28 U.S.C. § 2244(d)(1)(D), he did not seek federal habeas relief in a timely fashion.

The Court notes that the statute of limitations may be equitably tolled in appropriate cases. Holland, 560 U.S. at 645–49. The doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003)

---

[4] In his Section 2241 action Petitioner alleged that he had filed a complaint concerning the lack of response to his 2017 motion to reopen, "only to find out it had not been filed or something to that effect." (Case No. 2:18-cv-00096, Doc. No. 1 at 2.)

[5] Petitioner purports to have filed a second motion to reopen his state post-conviction proceedings in December 2018, which, along with a February 2019 state habeas corpus petition, was "ignored" by the state court. (Doc. No. 17 at 2.)

(citing Graham–Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is Petitioner's burden to show that he is entitled to equitable tolling, Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002), a burden he may carry by showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649; see also Stiltner v. Hart, 657 F. App'x 513, 520 (6th Cir. 2016).

Petitioner asserts that he unsuccessfully attempted to pursue relief in state court through multiple filings beginning in April 2017, after he "spoke with a man who had direct knowledge concerning the alledged (sic) pills" he pled guilty to possessing in prison "and them being over the counter meds" rather than a controlled substance. (Doc. No. 1-1 at 2.) But he does not attempt to show any extraordinary circumstance that prevented the timely filing of his federal habeas petition. Equitable tolling is only appropriate in circumstances that prevent timely filing and are "both beyond the control of the litigant and unavoidable with reasonable diligence." Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012). After identifying what he believed to be new grounds for post-conviction relief, Petitioner chose to pursue the reopening of his post-conviction petition and other relief in state court, rather than filing in federal court. Even though no apparent action was taken upon his April 2017 filing in state court, Petitioner waited until November 2018 to file in federal court. Whatever may be said of Petitioner's diligence in pursuing relief in state court, it would not have taken more than reasonable diligence for him to file a timely petition for federal habeas relief. See Illes v. Giroux, No. 1:14-CV-00873, 2017 WL 3833184, at *13 (M.D. Pa. May 2, 2017), report and recommendation adopted, 2017 WL 3722670 (M.D. Pa. Aug. 29, 2017) (finding that petitioner who "made a strategic decision to pursue a second [state post-conviction] petition" without filing a protective petition in federal court before the limitations

9

period expired was not entitled to equitable tolling) (citing, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). Petitioner has thus failed to carry his burden of showing that his case warrants equitable tolling.

Finally, Petitioner makes no legitimate claim of actual innocence of the charge of conviction, such that the Court could reach the merits of his petition despite its untimeliness. See McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling). Although he claims that the record was devoid of evidence to support his indictment for possessing a controlled substance in prison, the actual-innocence exception to the bar of the statute of limitations "must be based on reliable evidence not presented at trial." Calderon v. Thompson, 523 U.S. 538, 559 (1998); see McQuiggin, 569 U.S. at 398–99 (requiring "new evidence" to invoke actual innocence exception to AEDPA's statute of limitations). No such claim based on new evidence is made here, where Petitioner pled guilty to the indicted offense and the offer of proof in his original petition—his declaration that an unidentified man he spoke with had identified the drugs as over-the-counter medication (Doc. No. 1-1 at 2)—is far from reliable.

### III. Conclusion

For the reasons stated above, Respondent's Motion to Dismiss (Doc. No. 22) will be granted, and this action will be dismissed due to its untimely filing.

"When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." Swantak v. Romanowski, No. 08-CV-10126, 2008 WL 186127, at *2 (E.D. Mich. Jan. 18, 2008) (citing Slack v. McDaniel, 529 U.S. 473, 484–85 (2000)). Because reasonable jurists could not

find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate of appealability in this case.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE